Lahtinen, J.R
(dissenting). I respectfully dissent. Although I agree with the majority that the record should have been more fully developed and clearer, nonetheless, I believe that despite its defects there is a sound and substantial basis in the record *1078 to support Family Court’s determinations and, accordingly, I would affirm.
Petitioner has been involved with respondent and her four children for many years, the subject two children were removed from her care in 2007, and they have resided since March 2011 with foster parents who desire to adopt them and by whom they wish to be adopted. Respondent’s parental rights were previously terminated, but evidentiary errors resulted in reversal (Matter of Dakota F. [Angela F.], 110 AD3d 1151 [2013], lv denied 22 NY3d 1015 [2013]). At the commencement of the permanency hearing after our reversal, petitioner informed Family Court that new permanent neglect petitions had been filed and requested discharge to adoption as the permanency goal. “With respect to the permanency goal, although the overarching consideration is always to return the children] to the parent, when such reunification is not possible because of a parent’s unwillingness or inability to correct the conditions that led to the removal of the children from the home, the goal then shifts to finding a permanent, stable solution as soon as possible because it is not in the children’s best interests to continue in foster care on an indefinite or long-term basis” (Matter of Destiny EE. [Karen FF.], 82 AD3d 1292, 1294 [2011] [internal quotation marks and citations omitted]).
Respondent’s history included, among other things, several significant mental health issues. Proof from the February 2014 hearing indicated that she had discharged herself from medical treatment with her psychiatrist. Although the time line is not well developed, at some point she returned to a mental health clinic where she saw a counselor; but she had not yet resumed medical treatment with a psychiatrist. Respondent harassed the subject children’s mental health counselor with calls reflecting her self-interest, resulting in Family Court directing her to cease calling the counselor. She caused significant distress to one of her other children (with whom she had limited supervised visitation) by discussing pending proceedings with that child. Her actions reflected conduct detrimental to the subject children and an unwillingness to adequately address her underlying problems. Moreover, during the time that these proceedings involving the future of the subject children were pending, respondent — an acknowledged risk level one sex offender — violated her probation and was returned to jail. Evidence received without objection at the July 2014 hearing included that respondent had previously allowed the subject children around sex offenders, and she had past criminal conduct for acts involving a child.
*1079 Although the subject children’s appellate counsel — who advocates for affirming — stated that the children met with Family Court at one of the permanency hearings, the record fails to substantiate such a meeting. Family Court was required to conduct an age-appropriate consultation regarding the subject children’s preferences (see Family Ct Act § 1089 [d]; Matter of Alexus SS. [Chezzy SS.], 125 AD3d 1141, 1143, n 2 [2015]; Matter of Rebecca KK., 61 AD3d 1035, 1037 [2009]). The subject children were ages 8 and 10 and living with their prospective adoptive parents in Pennsylvania at the time of the hearings. Their attorney at the February 2014 hearing, who had requested that the children not be required to attend due to concerns about respondent’s conduct, stated on the record that she had met with the children and they wanted Family Court to know that they “were both very adamant that they’re very happy and that [the prospective adoptive parents] love them very much and that they very much feel a part of that family and they do not want that disrupted.” Their caseworker, who stated that she had just spoken with the subject children, testified similarly at the July 2014 hearing, and the children’s counselor reported in a document in evidence the same strong desire of the children, adding that the ongoing proceedings were causing them to be “very stressed.” Under all the circumstances, there was sufficient discerning of the subject children’s preferences.
Ordered that the orders are modified, on the law and the facts, without costs, by reversing so much thereof as modified the permanency goal from return to parent to placement for adoption; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.